By the Court, Jones, J.
There were three points raised and argued by the appellants’ counsel, on the argument of this appeal. Two of them were as to the rejection of certain evidence offered by him. The third and principal one was, that by the receipt of the check and neglect to present it on the day of its receipt, during the whole of which day there was sufficient funds in the bank to pay it, the draft is to be regarded as paid, as against the drawers, although there was no express agreement to accept the check in payment ; and that it results from this that the debt for which it was drawn, being the demand- sued on, must be regarded as paid.
The question as to whether a draft is, under such circumstannces, to be regarded as paid as against the drawer, has twice been before the Court of Appeals. In the case of Kobbe v. Clarke, decided in 1853, (Selden's Notes, No. 4, p. 11,) it seems to have been so regarded. But in the case of Turner (or Tanner) v. Bank of Fox Lake, (2 Appeal Cases, N. Y. Trans. 344,) it was held it should not be so regarded. There was an element in the latter case which did not exist in the former, and on the existence of which the latter decision turned. In the latter case the check was presented for payment through the clearing house on the day after it was received by the payee, and the evidence showed that this was the regular course of business for presenting checks drawn upon banks in the city of Hew York,
Upon these facts, which did not appear in the first case, *161 it was held, that although if they did not exist the nonpayment of the check on the day of its receipt might be sufficient laches to discharge the drawer of the draft, yet by reason of the existence of these facts, there was no such laches in presenting the check on the day after its receipt through the clearing house, as would dishonor the drawer In the case at bar it appears that the check was presented through the clearing house the next day after it was drawn. It is true there is no evidence that this is the regular course of business for presenting checks drawn on banks in the city of New Tork. Such evidence was. offered, and excluded as being unnecessary. I think, however, judicial notice may be taken of such being the regular course of business. It is so well established and so universally acted on, and has been, for so many years, that it must be generally known. (1 Greenl. on Ev. p. 10, § 6. Smith v. The New York Central Railroad Co., 43 Barb. at p. 231.) It is not therefore necessary to send this case back for a n.ew trial simply to have proof supplied of a fact so known and conceded. "Under the. authority, then, of that recent case in the Court of Appeals, the draft in question was not to be considered paid as to the drawers.
The exceptions taken to the exclusion of evidence were,
1st. To the rejection of questions asking the bank officers if the check would have been paid if it had been presented on the 19th. It is unnecessary to pass on this exception, since in the disposal of the third point it has been assumed that the check would have been paid if it had been presented on the 19th.
2d. To the rejection of the offer to show why, although there were funds in the bank on the 20th, at the time of the presentation of the. check, it was not paid. The reason is immaterial, unless it was some negligence or fault on the part of the plaintiffs, which was not offered to be shown.
Upon the points raised and argued, (and we have examined no others,) I am of opinion the judgment should be affirmed, with costs.